## BERMAN v. SOUTH BEND BAIT CO.
### No. 5057.

Circuit Court of Appeals, Seventh Circuit.
June 19, 1934.

Arthur C. Denison, of Cleveland, Ohio, Albert L. Ely, of Akron, Ohio, and George A. Farabaugh, of South Bend, Ind., for appellant.

Frank M. Slough, of Cleveland, Ohio, George J. Oltsch, of South Bend, Ind., and George A. Chritton, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

Appellee is the owner of the Jordan patent, claim 17* of which, set forth below, is involved. The Enterprise Manufacturing Company of Akron, Ohio, controlled by Pfleuger made a lure which it sold to appellant who in turn sold it to the retail trade. Neither Pfleuger nor the Enterprise Company was a party to this suit. They did, however, conduct appellant's defense in the court below and are prosecuting this appeal.

The defenses are invalidity and noninfringement. The issues arising out of the defense of invalidity are factual and might well be disposed of by stating our conclusions and omitting the reasons for reaching them as well as a detailed discussion of the facts back of said reasons. The thorough and exhaustive briefs and the well prepared argument of counsel, however, demand, we think, some statement of the facts and the grounds for our conclusions.

Invalidity is based upon (a) the alleged absence of inventive features over the prior art; (b) prior discovery by Pfleuger; (c) the Knight public sale and use of a lure similar to the one described in said claim 17 more than two years prior to the application of the patent.

The dates are important. Jordan's application (patent in suit) was filed June 24, 1931, and the patent was issued November 24, 1931. He claims and the court found that conception and reduction to practice occurred in October or November of 1924. The application for patent on the Pfleuger lure was made May, 1929. His company put the lure on the market in February, 1930. Immediately following the issuance of the patent to Jordan, Pfleuger incorporated claim 17 of the Jordan patent in his application and an interference was established. The Examiner of Interferences and the Board of Appeals found in favor of Jordan.

Carl W. Knight applied for a patent June 4, 1929, which was issued January 20, 1931. It was No. 1,789,630, and covered "a bait." Its significance lies in its corroboration of Knight's testimony respecting the public sale of baits of the type described in claim 17 more than two years prior to June 24, 1931.

* "A lure comprising a relatively thin elongated plate, *a weight carried by said plate at and below the level of the forward end of said plate* to facilitate lateral reciprocatory movement of the plate as it sinks in the water and to prevent overturning of the plate, a hook carried by said plate with its barb disposed adjacent the rear end thereof, means secured to the rear end of the lure for movement independently thereof to retard sinking of the rear end of said lure, and means at the forward end of said lure for attachment of a fish line thereto."

(The italicised words describe the novel element in the claim.)

Appellant's evidence tends strongly to establish the effective date of the Pfleuger discovery (for which application for patent was subsequently filed in May, 1929, and which application was placed in interference with Jordan after Jordan's patent issued) as October, 1925.

Appellant strenuously contends that Pfleuger's discovery of his bait which embodied the elements of claim 17 here in suit was made by Pfleuger in 1925 and prior to any discovery of a similar bait by Jordan. He likewise contends that one Knight sold lures which embodied the combination of elements of Jordan's claim 17 more than two years prior to the date when Jordan filed his application for his patent.

There is some merit or at least plausibility, in the argument which attacks the evidence which tends to fix November, 1924, as the date of the Jordan discovery. It was necessary for Jordan to carry his discovery date to one earlier than the fall of 1925 for the conception date of the Pfleuger lure was October, 1925. While it is entirely possible that Jordan made his discovery and reduced it to practice in 1924 and did not apply for a patent until June, 1931, during which time two other workers in this field had filed applications for patents covering a similar bait, and both of them were selling their baits on the market, the burden which Jordan carried was no light one. However, in the contest between Pfleuger and Jordan in the Patent Office, this identical issue was resolved in favor of Jordan. The District Court likewise accepted Jordan's testimony as sufficient to overcome the burden which he carried. In view of these findings, we do not feel justified in rejecting the Jordan date—the fall of 1924.

The sales of the Knight bait prior to June 24, 1929, are also advanced as a bar to the Jordan patent.

It is necessary to distinguish between the Knight sales as a bar and the Knight patent which issued January 20, 1931, and for which application was filed June 4, 1929 as an anticipation. To establish the bar it was necessary for appellant to prove public sales of the Knight bait prior to June 24, 1929, or more than two years prior to the date when Jordan filed his application. 35 USCA § 31. It was also necessary for appellant to show that the bait thus sold embodied the combination which contained the elements of Jordan's claim 17.

We will first consider the evidence to ascertain whether the bait embodied the structure of the Jordan patent. Inasmuch as the sales were made about the time Knight filed his application for a patent (June 4, 1929), it is reasonable to assume that the bait which he sold was an embodiment of the bait which he described in his patent application. His oral testimony is also to this effect.

The specifications of this Knight patent say that the article was a bait "so constructed that it will plane through the water as it is towed along, the bait having an oscillating, lateral movement, like a pendulum, but in a substantially horizontal plane, *the bait being so constructed that it will not rotate on a longitudinal axis.*"

Set forth here are figures 1 and 2 of the drawings which accompany the application and are quite conclusive:

The specifications continued:

"The bait forming the subject-matter of this application comprises a plate-like body 1, generally made of metal, the body 1 tapering toward both ends, as shown at 2. The body 1 is arcuately curved from end to end as shown at 3. On the upper surface of the body 1, at the forward end thereof, *there is a weight 4.* The weight 4 may be painted in any desired color, such as red, * * *.

"Because the body 1 is downwardly curved from end to end, as shown at 3, and because the body 1 is supplied at its forward end with the weight 4, the body will plane through the water, and will not turn over or rotate about a longitudinal axis. *The bait, however, will oscillate backwardly and forwardly, like a pendulum,* but in a substantially horizontal plane, through an arc of 100 degrees, more or less."

Turning now abruptly to the Jordan application which was filed June 24, 1931, we

find described a lure having "an elongated plate body, and * * * for its object to provide a lure of this character with a weight secured at the under side of its forward end whereby the body will be held in operative upright position * * *."

The novel element in the combination claim 17 is "a weight carried by said plate at and below the level of the forward end of said plate *to facilitate lateral reciprocatory movement* of the plate as it sinks in the water and *to prevent overturning of the plate,* * * *."

Appellant's counsel in their brief well point out that the virtue of this invention was in the fact that the bait was a non-spinning lure, the weight being located near the front of the plane to prevent the body from spinning. We can see no distinction between the hook described in the Knight specifications and the hook described in claim 77 of the Jordan patent.

Appellant argues that the weighting of the lure in the Knight figure is on the top instead of the bottom of the plate, whereas its weight is below rather than on top of the plate. There is no doubt but what some of the twenty-one claims which embody Jordan's patent provide for the weight being below the plate. Claim 17 is not thus limited. It provides "a weight carried by said plate *at and below the level of the forward end of said plate.*" Obviously this is met by the figure above set forth and described in the Knight application. The weight is *"below the level of the forward end of said plate."* If the inventor wished to locate the weight below the plate he would have said so. He did not say so when he located the weight "below the level of the forward end of said plate."

There being a similarity of structure and the proof of such fact not being left to the uncertainty of human memory but being established by a written document (a formal, written, verified application), our study is narrowed to an inquiry as to whether this Knight bait was sold on the market prior to June 24, 1929, or two years prior to the date Jordan filed his application.

The court, speaking of the Knight bait, said:

"Nor does the evidence regarding either the Knight or Arbogast baits rise to the dignity of anticipatory devices."

The District Court also found:

"There does not seem to be much similarity between the lures made and sold by the * * * South Bend Bait Company * * * and the Knight * * * baits * * *."

Neither finding negatives the sale of Knight baits. The nature of the Knight baits is established by patent drawings and specifications in the patent application and by oral testimony. Knight's testimony of sales and dates of sales is not disputed. It is corroborated in several respects by competent and persuasive evidence. A court could not reject it. Knight was not a party to this suit. His testimony was plausible and reasonable. Evidence of documentary character supported his statement. His word is corroborated both as to dates and substance by the word of another who was in no way interested in the outcome of this suit.

The conclusion is unavoidable that the Knight bait was sold on the market more than two years before Jordan applied for a patent. It follows from what has been said that claim 17 of the Jordan patent No. 1,833,581 is void because of the prior public sale of the Knight baits which embodied the elements of this claim prior to June 24, 1929.

The decree is reversed with directions to dismiss the suit.